1147-15

No. _____

In The

Court of Criminal Appeals

of Texas

ORIGINAL

Darryl Dewayne Williams
Petitioner

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 20 2015

Abel Acosta, Clerk

Vs.

The State of Texas
Respondent

Petitioner in cause No. 2012-750-C1, from the 19th District Court of McLennan County, Texas and for Appeal No. 10-14-00030-CR from the 10th Court of Appeals in Waco, Texas.

FILED IN
COURT OF CRIMINAL APPEAL

OCT 20 2015

Abel Acosta, Clerk

Petition For Discretionary Review

Darryl Dewayne Williams
TDCJ-CID # 01910015
Clements Unit
9601 Spur 591
Amarillo, Texas 79107

# Table of Contense

Table of Contense     I

Index of Authorities     II

Statement of the Case     1

Procedural Summary     1

Statement of Facts, and Ground for Review     2

Argument     3

Harm Analysis     8

Prayer     10

Certificate of Service     10

Inmate Declaration     10, 11

References to the Clerks Record are designated by the number of record volume, followed by "CR", followed by the page number(s). Reference to the Reporters Record are designated by the number of record volume, followed by "RR", followed by page number(s), or are designated by "TR" for Trial Record, followed by the pertinent page number(s).

# Index of Authorities

## Cases

Almanza v State 686 S.W. 2d 157 (Tex. Crim. App. (1985))

Huizar v State 12 S.W. 3d 479 (Tex. Crim. App. 2000)

Hutch v State 922 S.W. 2d 166 (Tex Crim App 1996)

Luquis v State 72 S.W. 3d 355 (Tex Crim App 2002)

Hooper v State 255 S.W 3d 262 (Tex App - Waco 2008

## Statutes

Tex. Pen. Code § 12.42

Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon)

Tex. Code Crim. Proc. Ann. art 37.07 (Vernon

Tex. Code. Crim. Proc. Ann. art 37.07 § 4 (c)(Vernon)

Tex. Code. Crim. Proc. Ann. art 42.032 (Vernon)

Tex. Gov't Code Ann § 311.026 (Vernon)

Tex. Gov't Code Ann. § 508.141 (Vernon)

Tex. Gov't Code Ann § 508.145 (Vernon)

Tex. Health and Safety Code Ann. § 481.112, 481.134

## Rules

Tex. R. App. P. 44.2 (b)

## Statement of the Case

Petitioner was indicted for delivery of cocaine in a school zone, enhanced and habitualized to punishment of twenty-five years to life in prison. Texas Health and Safety Code Ann. § 481.112, 481.134; Tex. Penal Code. Ann. § 12.42. CR 263.

Petitioner pled "True" to the enhancement allegations in the indictment. 12 RR 7.

## Procedural Summary

On January 21, 2014, trial commenced in which petitioner Darryl Dewayne Williams, was found guilty of Delivery of cocaine in a school zone. After enhancement the punishment was of 25- Twenty-five to Life in prison, the petitioner was ~~sentenced~~ sentenced accordingly. Cr. 269. A notice of Appeal was timely filed. CR 276. Briefs for appeal No. 10-14-00030-CR were filed in the 10th District Court of Appeals in Waco Texas. Court of Appeals affirmed the conviction on July 23, 2015. A motion for an extention of time was timely filed and granted therefore extending the time to file the Petition For Discretionary Review to October 23, 2015.

1

## Statement of Facts

Undercover Policeman Allovio testified that a CI referred Allovio to Petitioner who the CI said was selling "crack", "cocaine" 10 RR 55-6. The CI drove to Petitioners residence with Allovio as the rear passenger and another under cover policeman as the passenger in the front seat. 10 RR 60. Petitioner came out to the car, and in a brief transaction, sold the CI $40 worth of "crack". 10 RR 65-6. Then Allovio also bought $40 worth of "crack" from petitioner. 10 RR 67. The drugs were sent to the DPS lab for analysis and were determined to contain cocaine. 10 RR 68, 72, 111, 113, 134, 135, 139. The residence was within 1000 feet of a middle school. 10 RR 71, 115-17.

Allovio testified about a controlled buy from petitioner on another date. 10 RR 187-190. Also, Officer Starr testified about searching petitioners hotel room and finding "crack" cocaine. 10 RR 202-6.

## Ground for Review

The Court of Appeals errored by failing to apply the egregious harm standard to the erroneous jury instruction which violated the substantial rights of the accused.

2

## Argument

The jury-charge instruction on the effect of good conduct time improperly implied that a person may be released from prison early and without supervision solely due to accruing good-conduct time. This is a false implication, and the District court errored in not supplementing the instruction to avoid any confusion. The tenth District Court of Appeals, then errored in finding that the jury charge was adequate in accordinance with Tex. Code of Crim. Proc. art 37.07 to prevent such confusion and the "egregious harm" caused by such error did not violate the petitioners substantial rights per Tex. R. App P. 44.2(b).

The standard instructions from the statute on good-conduct time and parole laws, falsely implies that a person may be released from prison early without the benifit of parole supervision if good-conduct time has been accumulated. This false impression might cause a juror to give a longer sentence because the juror erroneously believes there might be no parole supervision. Thus the standard instructions should be supplemented to avoid the misleading implication.

In the charge for the penalty phase, the trial court included the required instruction in article 37.07, section 4(c) of the Code of Criminal Procedure; Tex Code Crim. Proc, Ann art. 37.07 § 4(c) (vernon); CR 258-9; 12 RR 51-3. The instruction informs the jury, inter alia, about the existence of good-conduct time and parole and generally how they

3

apply to the case,

Under the law applicable to the case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisioned might be reduced by the reward of parole.

Under the law applicable to the case, the defendant will not become eligible for parole until the actual time served plus any good conduct time earned, equals one-fourth of the sentence imposed or 15 years, whichever is less. Eligibility for parole does not guarantee that parole will be granted.

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant, because the application of those laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time, however, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant. Such matters come within the exclusive jurisdiction of the pardon and parole division of the Texas Department of Criminal Justice

4

and the Governor of Texas. CR.258-9; 12 RR 51-3.

Although defense counsel did not object, the instruction about good-conduct time is misleading and incomplete. No where in the instructions is good-conduct time tied to parole. Therefore a juror could infer that a person could get early release without any supervision based simply on accrued good-conduct time, which is not true.

A person sentenced to the Texas Department of Criminal Justice may be released on parole before serving his sentence if a parole panel follows certain guidelines. Tex. Gov't Code Ann § 508.141 (Vernon). The possible release date for parole may be determined in part by the accumulation of good-conduct time. Tex Gov't Code Ann § 508.145 (Vernon). There is no provision for early release from a sentence imposed solely by accumulating good-conduct time, i.e., early release without parole. Good-conduct time is always tied to parole. This is the difference from being incarceration in a county jail on a misdemeanor. Since there is no parole from misdemeanors the sheriff may award good-conduct time and actually release a person early from the sentence imposed. Tex. Code Crim. Proc. Ann. art. 42.032.

Although coming from the statute, the instruction used in the present case, creates a misleading implication, i.e., that Williams could be released early without the supervision of parole if he accumulated good-conduct time. That mistaken belief could result in a longer sentence by a juror concerned about unsupervised early release.

5

The predicament we are left with is that, under article 36.14 of the Code of Criminal Procedure, the judge is required to charge the jury "setting forth the law applicable to the case." Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon). Presumably that includes not giving the jury misleading and incomplete instructions. However, art. 37.07, sec. 4 directs the judge to do just that. Therefore there is a conflict between the two articles.

When two statutes (articles) conflict, the Code Construction Act provides guidance on how to proceed. Section 311.026 of the Government Code (formerly codified as Tex. Rev. Civ. Stat. Ann. art. 5429b-2, § 306) reads: "(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both. (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exeption to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevails." Tex Gov't Code Ann. § 311.026 (Vernon). Applied to the present case, because the statutory provision is special, the judge should give the instruction verbatim. But that alone would not solve the problemb. Therefore "(a)" above should be applied, and the two statutes should be read together. The result would be to give the statutory instruction with an additional sentence to clarify the misleading

6

implication. That would comply with art. 37.07 § 4 (c), by including all the language in the statute, as well as with art. 36.14 by "setting forth the law applicable to the case." Thus, the instructions about good-conduct time are misleading and should have been supplemented to prevent the error.

In other cases the tenth court has overruled this issue. However, that Court has never analyzed the precise issue raised, which is one of statutory construction. The Tenth Court has followed Luquis v State, 72 S.W. 3d 355, 366 (Tex Crim App 2002). But the issue is not foreclosed by Luquis. There the issue was whether the trial judge should have given a version of the instruction that was altered from the language in the statute. Petitioner does not contend that the judge should have changed the language, but rather that the judge should have simply added language to ensure the overall effect of the instruction was not misleading. That is not contrary to the holdings in Luquis, which requires that the statutory language be given verbatim. Nothing in the statute or in Luquis forbids adding language to clarify to the jury how good-conduct time may work in the case.

The error is not cured by the charge instruction "not to consider the extent to which good-conduct time may be awarded to or forfeited by this particular defendant," and "not to consider the manner in which the parole law may be applied to this particular defendant." The jurors are told in effect not to try and guess how

7

much time the defendant will actually serve. But the jurors should still be given accurate instructions about how good-conduct time and parole operate together in the hypothetical. While jurors are presumed to follow the instructions they are given (Luquis v State, 72. S.W. 3d 355,366 (Tex, Crim. App. 2002; Hooper v State, 255 S.W. 3d 262, 271 (Tex, App, - Waco 2008, pet, ref'd)), these instructions do not address whether the defendant might be released without supervision due to good-conduct time. And as a matter of common sense, we know that jurors will think about these matters.

## "Egregious Harm" Analysis

Because there was no objection, "harm" is analyzed under the "egregious harm" standard. Huizar v State, 12 SW. 3d 479, 484-85 (Tex. Crim. App. 2000); Almanza v State 686 SW 2d 157, 171 (Tex. Crim App 1985, Op'n on reh'g). Errors that result in "egregious harm" are those which affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." Hutch v State, 922 S.W. 2d 166, 171 (Tex Crim App. 1996)(citing Almanza, 686 S.W. 2d at 172). In deciding whether there is egregious harm, the reviewing court looks to (1) the charge itself, (2) the state of the evidence, including what issues were contested, and weight of the probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. Hutch, 922 S.W. 2d @ 171 (citing Baily v. State 867 S.W. 2d 42, 43 (Tex, Crim, App. 1993))(citing

8

Almanza).

1) *The entire jury charge:* Nothing else in the charge clarifies the error.

2) *The evidence produced at trial, contested issues, and weight of probative evidence:* The jury sent a note asking whether a sentence of less than "life," if followed by parole, would be followed by supervision for the rest of the petitioner's life. 12 RR 74. This shows the jury was discussing the issue of the effect of parole, even though instructed not to. Furthermore, because jury deliberations are secret, we cannot expect the record to show exactly what the jury discussed, considered, or tried to apply concerning how good-conduct time and parole interact with each other concerning how much time in prison petitioner might serve.

3) *Attorney's arguments:* The State did not address parole or good-conduct time. 7 RR 16-20. But that also includes the state not addressing the question of whether petitioner could be released early without supervision based solely on good-conduct time. Defense counsel did not refer to parole and good-conduct time. 12 RR 62-74.

4) *Any other relevant information revealed by the record of the trial as a whole:* The jury assessed punishment at the maximum, life in prison. So any small benifit from the clarification about parole and good-conduct time could have been helpful.

Applying Hutch, the jury impliedly told by the judge that petitioner might be released early without the benifit of supervision (parole) if he accumulated good-conduct time. Some jurors may be concerned

9

about early release without supervision. This error affected the petitioners valuable right that the jury determine punishment armed with the trueth about the ramifications of a particular sentence. That is "egregious harm" requiring reversal and remanding the case for further proceedings.

## Prayer

Wherefore, premisis considered, Mr. Williams, prays that this court grant his petition for Discretionary Review and after careful review of the issues, reverse and remand for a new trial.

*Darryl Dewayne Williams*
Darryl Dewayne Williams

## Certificate of Service

I, Darryl Dewayne Williams, do hearby certify that a true and correct copy of the above and foregoing petition for discretionary review has been forwarded by United States Mail, Postage pre-paid, first class, to the State Prosecutor, P.O. Box 13046, Austin, Texas 78711, On this the 16 day of October 2015.

*Darryl Dewayne Williams*
Darryl Dewayne Williams

## Inmate Declaration

I, Darryl Dewayne Williams, TDCJ-CID # 01910015, being

10

presently incarcerated at the Bill Clements Unit of the Texas Department of Criminal Justice - Institutional Division, in Potter County, Texas, verify and declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge. Executed on this the 16 day of October 2015.

Darryl Dewayne Williams
TDCJ-CID # 01910015
Bill Clements Unit
9601 Spur 591
Amarillo, Texas 79107

11



# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00030-CR

**DARRYL DEWAYNE WILLIAMS,**

Appellant

v.

**THE STATE OF TEXAS,**

Appellee

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-750-C1

## MEMORANDUM OPINION

The jury convicted Darryl Dewayne Williams of delivery of a controlled substance, cocaine, in a drug free zone. The jury found the enhancement paragraphs to be true and assessed punishment at confinement for life. We affirm.

### Background Facts

There is no challenge to the sufficiency of the evidence. Officer John Allovio, with the Waco Police Department, testified that he received information from a confidential informant that Williams was selling cocaine. Officer Allovio asked the confidential

informant to call Williams and arrange a purchase of cocaine. Officer Allovio and the confidential informant drove to Williams's residence, and they each purchased cocaine from Williams. The residence was located within 1000 feet of a school.

## Jury Charge

In his first issue, Williams argues that the trial court erred in not supplementing the jury charge instruction on the effect of good conduct time. Article 37.07 of the Texas Code of Criminal procedure states:

Sec. 4. (a) In the penalty phase of the trial of a felony case ... the court shall charge the jury in writing as follows:

"Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

"It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

"Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

"It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

"You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct

time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

TEX. CODE CRIM. PRO. ANN. art. 37.07 §4(a) (West Supp. 2014). The trial court instructed the jury as required by Article 37.07 §4(a). Williams's trial counsel did not object to the charge.

Williams argues that the instruction improperly implies that a person may be released from prison early and without supervision solely due to accruing good conduct time. He contends that the trial court should have supplemented the instruction to avoid confusion.

We have previously decided this issue against Williams's position, and we are not persuaded to reconsider our ruling. *See Lopez v. State*, No. 10-12-00282-CR, 2013 Tex. App. LEXIS 1229 (Tex.App. – Waco Feb. 7, 2013, pet. ref'd); *Paez v. State*, No. 10-12-00091-CR, 2012 Tex.App. LEXIS 9121 (Tex. App. – Waco November 1, 2012, pet. ref'd); *Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State*, No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *3, (Tex. App.—Waco June 27, 2012, no pet. h.). We overrule the first issue.

In his second issue, Williams complains that the trial court erred in instructing the jury during the punishment phase of the trial not to consider "sympathy" in its deliberations. The trial court instructed the jury, "Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case."

Williams v. State                                                                                          Page 3

Williams did not object to the jury charge on this basis. We have also previously decided this issue against Williams's position, and we are not persuaded to reconsider our ruling. *See Lopez v. State*, No. 10-12-00282-CR, 2013 Tex. App. LEXIS 1229 (Tex.App. – Waco Feb. 7, 2013, pet. ref'd); *Paez v. State*, No. 10-12-00091-CR, 2012 Tex.App. LEXIS 9121 (Tex. App. – Waco November 1, 2012, pet. ref'd); *Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State*, No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *4, (Tex. App.—Waco June 27, 2012, no pet. h.). We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed July 23, 2015
Do not publish
[CRPM]

